SEMINOLE COUNTY, OKLAHOMA
FILED
IN DISTRICT COURT
AUG 22 2014
KIM A. DAVIS, COURT CLERK
BY_____DEPUTY

DEFENDANT'S EXHIBIT NO. 1

IN THE DISTRICT COURT OF SEMINOLE COUNTY
STATE OF OKLAHOMA

LARRY B. WARREN, )
)
    Plaintiff, )
)
vs. ) Case No. CJ-2014-70
)
SONOCO LOGISTICS, INC., )
SONOCO LOGISTICS PARTNERS, LP, )
)
    Defendants. )

## PETITION

COMES NOW the Plaintiff, Larry B. Warren, by and through his attorney, Jack F Tracy, and for his cause of action against the defendant alleges and states as follows:

1. Plaintiff, Larry B. Warren, is a resident of Pontotoc County, state of Oklahoma.

2. The acts complained of herein occurred in Seminole County, state of Oklahoma. The defendant operates its yard and a portion of its trucking business out of Seminole County.

3. Plaintiff is a member of the United States Steel Union, and the union contract applies to the instant case.

4. At all times relevant hereto, the Defendant did and does now employ more than fifteen (15) employees; is and was engaged in an industry affecting interstate commerce; and is therefore an employer under 42 U.S.C. §2000(e)(b).

5. This action is authorized and instituted pursuant to Section 706 of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000-e, et seq. The age discrimination in employment act of 1967, as amended, 29 U.S.C. §633a.

6. Jurisdiction of this court is invoked by the pendant jurisdiction to hear and decide claims arising under the state of Oklahoma in the United States of America.

7. The amount in controversy exceeds $75,000, excluding interest and costs.

8. Larry Warren has been employed by the defendant for the past 25 years.

9. Larry Warren is over the age of 40 years. He was born in 1964 and is the age of 50.

10. Warren is a member of a protected class (age, and disability).

11. Warren was performing his job satisfactorily when on July 3, 2013 he required gall bladder surgery and suffered a very minor stroke during the procedure. The stroke was very mild and he contends he made a full recovery. He has no slurred speech; blurry vision; memory loss; physical limitations or impairments; etc.

12. He was employed as a DOT truck driver and currently holds a recertified medical card showing that he was authorized by the DOT to drive a semi-truck.

13. The defendant required Warren to take repeated EEG's performed within 3 to 6 months after the surgery. The results showed that there was no permanent damage or disability to Warren;

14. The defendant refused to reinstate Warren to his former position or any other position in this area.

17. The union contract requires the defendant to make reasonable accommodation to Warren and to refrain from unlawful age discrimination.

18. Warren is being terminated in violation of the union contract if he is unable to perform the job, in the alternative, if he does have significant disabilities, the defendant is nevertheless violating the union contract by failing to make reasonable accommodation for Warren.

19. Warren earns approximately $45,000 per year and intends to work until age 66, a period of 16 years. Plaintiff's loss of earnings is projected at $720,000.00.

20. Warren is concerned that if he is returned to his job at this point, the defendant will harass him, mistreat him, and make his employment intolerable. The employer/employee relationship has been damaged to the point of no reconciliation.

21. Warren is also entitled to fringe benefits such as a pension plan, Social Security benefits, paid vacation, and health insurance and should be awarded front pay for those loss of benefits estimated to have a value of $200,000.

22. Warren has suffered emotional distress because of the actions of the defendant for which he should be compensated in the amount of $350,000. Plaintiff has suffered humiliation, embarrassment and emotional distress as a result of the actions of the defendant.

23. Warren timely filed a claim with the EEOC. The EEOC has issued a right to sue letter in the instant case. All conditions precedent to the instant case have been satisfied.

24. The defendant has willfully and unlawfully discriminated against Warren based on his age or disability.

25. Defendant is covered by the Age Discrimination In Employment Act, 29 U.S.C. §623, et. seq., which plainly states it shall be unlawful for an employer (1) to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age; (2) to limit, segregate, or classify his employees in any way they would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee because of such individual's age.

26. Further, the defendant violated the union contract which precludes the defendant from engaging in age discrimination.

27. Warren is able to return to work with no restriction and is still able to perform all functions of his position as DOT truck driver.

28. Warren is entitled to the damages and other relief set forth above.

**WHEREFORE**, Warren prays that this Court will:

29. Enter a judgment declaring that the acts, policies, and practices of the defendant are in violation of the laws of the United States of America and their state counterparts.

30. Issue a permanent injunction:

   a. Requiring the defendant to abolish discrimination and reprisal;

   b. Require the defendant to cease and desist from any employment practice which discriminates against Warren or others on the basis of their age, or retaliation.

   c. Requiring defendant to remove and/or devote all managers who have violated age discrimination or false claims of disability;

   d. If appropriate, in lieu of front pay, injunctive relief ordering defendant to reinstate Warren to the position he would have held absent the defendants unlawful discrimination.

31. Award compensatory damages for unlawful age discrimination suffered by Warren.

32. Award punitive damages to punish the defendant for its conduct in violating Warren's right to be free from age discrimination and unlawful claims of disability in an amount of $1 million.

33. Award economic and punitive damages as appropriate including relief for emotional distress, pain-and-suffering, embarrassment, any back pay, front pay and benefits that may be determined at trial, prejudgment interest at the rate used by the IRS in assessing any underpayment of taxes, attorneys fees, cost of litigation, and any other and further relief as may be necessary and proper as determined by the court.

34. A jury trial is demanded.

35. An attorney lien is claimed.

                                                RESPECTFULLY SUBMITTED,

*/s/ Jack Tracy*
JACK F. TRACY, OBA #11713
201 W. Main Street
Purcell, OK 73080
Telephone: (405) 527-5571
Facsimile: (405) 527-2557
Attorney for Plaintiff